# United States District Court
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **Deutsche Bank National Trust Company,** as Trustee of Argent Securities Inc., Asset Backed Pass-Through Certificates, Series 2002-W5 Under the Pooling & Servicing Agreement Dated as of October 1, 2002 | Case No. 1:06-cv-00469 <br><br> District Judge Hon. Patricia A. Gaughan |
| **Plaintiff** | |
| vs. | **DEFAULT JUDGMENT AND DECREE IN FORECLOSURE** |
| **Charles T. Ferguson, et al.** | |
| **Defendants.** | |

UNITED STATES DISTRICT JUDGE HON. PATRICIA A. GAUGHAN

This matter is before the Court on the motion of Plaintiff Deutsche Bank National Trust Company, as Trustee of Argent Securities Inc., Asset Backed Pass-Through Certificates, Series 2002-W5 Under the Pooling & Servicing Agreement Dated as of October 1, 2002's Amended Motion for Default Judgment and Decree in Foreclosure, to obtain judgment against Charles T. Ferguson and Veronica L. Ferguson as described in the Complaint, to foreclose the lien of the Mortgage securing the obligation of such Note upon the real estate described herein, and to require all parties to set up their claims to the real estate or be barred.

The Court finds that:

1. The following defendants are in default of Motion or Answer:

    a. Charles T. Ferguson;
    b. Veronica L. Ferguson;
    c. Earlena M. Hill.

2. The Clerk's Entry of Default was filed herein on May 15, 2006.

3. There is due the Answering Defendant Plymouth Park Tax Services, LLC, the amounts owed on the tax certificates attached to its answer, and any additional tax certificates it

acquires from the Treasurer prior to the date of the foreclosure sale.  While unascertainable at this time, the exact amount owed to the tax certificate hold on its liens will be ascertainable at the time of the sale which amount is a valid and subsisting lien.

Accordingly, the Court takes the allegations contained in the Complaint as true, including that there is due and owing to the plaintiff from the defendant, Charles T. Ferguson, upon the subject Note, the principal balance of $81,543.01, for which judgment is hereby rendered in favor of the Plaintiff, with interest at the rate of 8.7 percent per annum from September 1, 2005, together with late charges, plus advances, if any, made by Plaintiff to protect its interest in the Property, plus costs and expenses incurred by plaintiff to enforce its rights under the subject Note and Mortgage.

The Note is secured by the Mortgage held by the plaintiff, which mortgage constitutes a valid and subsisting lien upon the following described premises (the "Property"):

> Situated in the City of Cleveland, County of Cuyahoga and State of Ohio:  And known as being Sublot No. 77 in Southern and Latimer's Highland Park Allotment of part of Original One Hundred Acre Lot No. 443, as shown by the recorded plat in Volume 15 of Maps, page 8 of Cuyahoga County Records and being 40 feet front on the Westerly side of East 114th Street (formerly Weidner Avenue) and extending back of equal 150 feet, as appears by said plat, be the same more or less, but subject to all legal highways.
>
> Parcel Number:  127-27-099
>
> Commonly known as:  3462 - 3464  East 114th Street, Cleveland, Ohio

Taking as true the allegations contained in plaintiff's complaint, the Court finds that the Mortgage was filed for record on September 2, 2003, and recorded as Instrument Number 200309021841 in the Cuyahoga County Recorder's Office; that the mortgage, together with the Note, was assigned to the Plaintiff by an Assignment of Mortgage filed for record on March 20, 2006 as Instrument Number 200603200040 in the Cuyahoga County Recorder's Office; that the conditions of said Mortgage have been broken; and that Plaintiff is entitled to have the equity of redemption of the defendants-titleholders foreclosed.

**IT IS THEREFORE ORDERED,** that unless the sums hereinabove found to be due to

Plaintiff Deutsche Bank National Trust Company, as Trustee of Argent Securities Inc., Asset Backed Pass-Through Certificates, Series 2002-W5 Under the Pooling & Servicing Agreement Dated as of October 1, 2002, and the costs of this action, be fully paid within ten (10) days from the date of the entry of this decree, the equity of redemption of the defendants-titleholders in said real estate shall be foreclosed and the real estate sold, free and clear of the interest of all parties herein, and an order of sale shall issue to the Master Commissioner, directing him to seize, maintain control and custody, and sell same at public sale at the Cuyahoga County Courthouse or by other commercially feasible means, as upon execution and according to law, after having the property advertised according to law, particularly 28 U.S.C. §§ 2001 and 2002.  The Master Commissioner shall report his proceedings to this Court.

**ORDERED FURTHER**, that the Master Commissioner shall send counsel for the party requesting the Order of Sale a copy of the publication notice promptly upon its first publication.

In the event that an Order of Sale is returned by the Master Commissioner unexecuted, subsequent Orders of Sale shall issue in accord with the Court's instructions.

**ORDERED FURTHER**, that the Master Commissioner, upon confirmation of said sale, shall pay from the proceeds of said sale, upon the claims herein found, the amounts thereof in the following order of priority:

1. To the Treasurer of Cuyahoga County, the taxes and assessments, due and payable as of the date of transfer of the property after the Master Commissioner's Sale.

2. To Plymouth Park Tax Services, LLC, in the amount found it is due on the Tax Certificates set forth in its Answer

3. To the plaintiff Deutsche Bank National Trust Company, as Trustee of Argent Securities Inc., Asset Backed Pass-Through Certificates, Series 2002-W5 Under the Pooling & Servicing Agreement Dated as of October 1, 2002, the sum of

    $81,543.01, with interest at the rate of 8.7 percent per annum from September 1, 2005, together with late charges, plus advances, if any, made by Plaintiff to protect its interest in the Property, plus costs and expenses incurred by Plaintiff to enforce its rights under the Note and Mortgage.

4.  The balance of the sale proceeds, if any, shall be held by the Master Commissioner to await further orders of distribution by this Court.

  The purchaser of the property being sold is hereby subrogated to all rights of the lienholders in the premises to the extent of such payment and for the protection of its title.

  Because Plaintiff holds a valid and subsisting lien, junior only to real estate taxes and the lien of defendant Plymouth Park Tax Services, LLC, if it is the successful bidder at the Master Commissioner's sale, Plaintiff shall not be required to make a deposit at the time of sale. Plaintiff shall pay the balance of all the Master Commissioner's costs due and owing, and real estate taxes due and payable, when they are ascertained.

  Upon distribution of the proceeds of sale as described above and entry of an order confirming the sale and ordering a deed to the purchaser, a certified copy of the entry shall be issued to the Cuyahoga County Recorder directing him or her to enter the same on the margin of the records of the mortgages and liens, releasing the liens adjudicated herein from the premises.

  **IT IS SO ORDERED.**

             /s/ Patricia A. Gaughan
             JUDGE HON. PATRICIA A. GAUGHAN
             UNITED STATES DISTRICT JUDGE

Dated: 10/26/06